IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:22-cr-30 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | MEMORANDUM/BRIEF |
| KIRA KRISTINA ZIELINSKI, | ) | CONCERNING 18 USC 1204(c)(2) |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the undersigned counsel, Clifford R. Cronk III, Assistant United States Attorney, submits this Memorandum/Brief concerning the application of the affirmative defense to a defendant on behalf of another and whether a 6-year-old minor is competent to testify in support of am affirmative defense.

## I. May a defendant claim an affirmative defense on behalf of a child

The defendant is charged with a violation of the International Parental Kidnapping Crime Act found at 18 U.S.C. § 1204. The Act, under 18 U.S.C. § 1204(c), provides three affirmative defenses. Each one refers only to the defendant's personal actions, omissions, and circumstances. For instance, subsection (c)(1) provides: It shall be an affirmative defense under this section that— (1) *the defendant* acted within the provisions of a valid court order granting the defendant legal custody or visitation rights and that order was obtained pursuant to the Uniform Child Custody Jurisdiction Act and was in effect at the time of the offense. Subsection (c)(3) provides: It shall be an affirmative defense under this section that— *the defendant* had physical custody of the child pursuant to a court order granting legal custody or visitation rights and [*the defendant*] failed to return the child as a result of circumstances beyond the defendant's control, and *the defendant* notified or made reasonable attempts to notify the other parent or lawful custodian of the child of such circumstances within 24 hours after the visitation period had expired and [*the defendant*] returned the child as soon as possible.

1

At issue here is the second affirmative defense which is: "*the defendant* was fleeing an incidence or pattern of domestic violence." 18 U.S.C. § 1204(c)(2). It is undisputed that the defendant is not claiming she was fleeing an incidence or pattern of domestic violence against her. She is claiming she was fleeing due to incidences or a pattern of domestic violence against her son, a child who was three-years-old when she claimed it started. The plain language 18 U.S.C. § 1204(c)(2) indicates that the affirmative defense solely applies when "*the defendant*" himself or herself is "fleeing an incidence or pattern of domestic violence" with the removed child. *See United States v. Malka*, 602 F. Supp. 3d 510, 541 (S.D.N.Y. 2022) citing *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 236 (2d Cir. 2006) ("When a statute's language is clear, [the Court's] only role is to enforce that language 'according to its terms.' ") (quoting *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006)).

When enacting a statute, Congress need not provide an affirmative defense to a criminal defendant. *See United States v. Gatewood*, 230 F.3d 186, 191 (6th Cir. 2000). The United States Supreme Court has said that the literal terms of a statute are to be overridden only under rare and exceptional circumstances, specifically if such literal application leads to an unreasonable result plainly at variance with the evident purpose of the legislation.[1] *See Crooks v. Harrelson,* 282 U.S. 55, 60 (1930); *Lincoln v. Ricketts,* 297 U.S. 373, 376 (1936). "[A] court's primary objective is to ascertain the intent of the legislature by looking at the language of the statute itself and giving it its plain, ordinary and commonly understood meaning." *In re M & S Grading, Inc.,* 457 F.3d 898, 901 (8th Cir. 2006) (citing *Johnson v. Methorst,* 110 F.3d 1313, 1315 (8th Cir. 1997)). Where a statute's language is clear, the Court's obligation is to apply it according to its terms, unless such a literal application would produce an absurd result or one demonstrably at odds with the intent of the drafters. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000); *United*

---

[1] "As a general rule inherent in the American constitutional system, ... the judiciary cannot exercise ... legislative power. *See Springer v. Gov't of Philippine Islands,* 277 U.S. 189, 201–02 (1928) ")

*States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). An interpretation is absurd if "it is so gross as to shock the general moral or common sense." *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 450 (2002). The fact that the statute might result in a harsh result when subjected to a plain meaning interpretation does not necessarily mean that it is absurd. *Lamie v. United States Trustee,* 540 U.S. 526, 538 (2004).

Here, the Act says nothing about a defendant fleeing based on an incidence of domestic violence to another person or to a child.  Nor does it provide a defense for having a *reasonable belief* of an incidence or pattern of domestic violence to himself or herself or to another. *See United States v. Morcombe*, 787 F. App'x 581, 583,  (11th Cir. 2019) (assuming without holding that the defense is available when the incidence or pattern relates to the domestic violence against the child). *See e.g. United States v. Rizvanovic,* 572 F.3d 1152, 1154 (10th Cir. 2009) (the defendant testified that he had observed the children's mother abuse the children on several occasions); *United States v. Nixon*, 901 F.3d 918, 919 (7th Cir. 2018) (Nixon accused her former husband of physically and sexually assaulting their daughter).

Had Congress wanted to include the protection of another it could have included it in the statute.  That it did not, is the best indication that Congress was limiting the defense to incidence of domestic violence against the defendant only.  *See United States v. Moreira-Bravo*, 56 F.4th 568, 574 (8th Cir. 2022) ("Congress explicitly provided a mistake-of-age defense for prosecutions arising under a different subsection of §2423. Its choice not to do the same for § 2423(a) suggests congressional intent that mistake of age should not provide a defense to prosecutions for transporting a minor.").

## II. Is a six-year-old competent to testify to matters occurring when it was 3 or 4 years old.

Rule 601 of the Federal Rules of Evidence provides in part, that "[e]very person is competent to be a witness except as otherwise provided in these rules." 18 U.S.C. § 3509(c) provides more specific direction to the Court regarding competency

examinations. Specifically, "[a] child is presumed to be competent" (18 U.S.C. § 3509(c)(2)); "[a] competency examination regarding a child witness may be conducted by the court only upon written motion and offer of proof of incompetency by a party" (18 U.S.C. § 3509(c)(3)); and "[a] competency examination regarding a child may be conducted only if the court determines, on the record, that compelling reasons exist.[2]A child's age alone is not a compelling reason." 18 U.S.C. § 3509(c)(4).  The competency hearing may be held outside the presence of the defendant. *Kentucky v. Stincer*, 482 U.S. 730, 740 (1987) (There was no interference of  confrontation rights when respondent was excluded from the competency hearing.).

The Sixth Amendment's Confrontation Clause "guarantees the defendant a face-to-face meeting with the witnesses appearing before the trier of fact." *Coy v. Iowa,* 487 U.S. 1012, 1016 (1988). However, this right is not absolute and must accommodate the Government's compelling interest in the protection of minor victims from further trauma and embarrassment.  *See Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607 (1982). Accordingly, "where necessary to protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant, at least where such trauma would impair the child's ability to communicate, the Confrontation Clause does not prohibit use of a procedure" which preserves "the essence of effective confrontation"—testimony by a competent witness, under oath, subject to contemporaneous cross-examination, and observable by the judge, jury, and defendant. *Maryland v. Craig,* 497 U.S. 836, 851 (1990). Testimony

---

[2] The Government will file a motion for a competency hearing for the witness.

4

by closed circuit television is a procedure now authorized by statute. *See* 18 U.S.C. §

3509(b).

<div style="margin-left: 50%;">

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Clifford R. Cronk III*
Clifford R. Cronk, III
Assistant United States Attorney
U.S. Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on counsel for the defendant by CM/ECF electronic filing.

UNITED STATES ATTORNEY

By*: /s/ Cliff Cronk*
Assistant U. S. Attorney