IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:22-cr-00030-SMR-SBJ-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| KIRA KRISTINA ZIELINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Kira Kristina Zielinski is charged with one count of international parental kidnapping after she allegedly took her young son, four years old at the time, to Mexico. At the time Zielinski allegedly fled to Mexico, she shared joint legal custody with the child's father. She was later apprehended after she attempted to re-enter the United States, approximately nine months after she allegedly absconded with the child.

The international parental kidnapping statute prohibits the removal of a child from the United States "with intent to obstruct the lawful exercise of parental rights." 18 U.S.C. § 1204(a). The statute designates affirmative defenses to the crime, one of which is "the defendant was fleeing an incidence or pattern of domestic violence." *Id*. § 1204(c)(1). Zielinski seeks to introduce evidence that she fled the country to protect her son from ongoing sexual abuse at the hands of the child's father.[1]

Although the case law is sparse, the Court concludes that the statute is clear that the affirmative defense is only available to a defendant who is "fleeing an incidence or pattern of domestic violence" against himself or herself. *See United States v. Malka*, 602 F. Supp. 3d 510, 541

---

[1] An Iowa family law judge entered an order on March 17, 2022, finding there was "no credible evidence" of sexual abuse. Law enforcement officers, DHS investigators, and medical doctors who examined the child also uniformly agreed there was no evidence the child had been abused.

(S.D. N.Y. 2022) (holding "[t]he plain statutory language indicates that the affirmative defense solely applies when 'the defendant' himself or herself is 'fleeing an incidence or pattern of domestic violence' with the removed child."). The statute makes no reference to domestic violence against a child and neither the Court nor the parties identify a case where a court found that it does. *See United States v. Nixon*, 901 F.3d 918 (7th Cir. 2018) (holding that "domestic violence" within in the meaning of the statute does not cover "emotional, psychological, or financial abuse"); *Zodhiates v. United States,* 19-CR-175-RJA, 2022 WL 3605957, at *7 (W.D. N.Y. 2022) (assuming, *arguendo*, that the defense would be available where the fleeing parent acted to protect a child).

Zielinski attempts to overcome this text by pointing out that Iowa law as supporting a proposition that domestic violence includes sexual violence against a child. [ECF No. 61 at 3] (sealed). The Iowa Code provides that domestic abuse includes assault "between family members who resided together at the time of the assault." Iowa Code Section 236.2. Assault, under Iowa law, is physical contact that is "insulting or offensive to another." Iowa Code Section 708.1. Accordingly, Zielinski urges that the sexual violence she alleges was perpetrated against her son qualifies as domestic violence under § 1204(c)(2).

This argument misunderstands the statute and inquiry. The question before is not whether sexual violence constitutes "domestic violence" under § 1204(c)(2)—it almost certainly does. Rather, the statute requires that a defendant (Zielinski), not a child, be the victim of the domestic violence under the affirmative defense provision. There is no contention that she was a victim of domestic violence, which means the affirmative defense cannot be introduced at trial.

IT IS SO ORDERED.

Dated this 27th day of July, 2023.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-2-