RECEIVED
JUL 31 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:22-cr-30 |
| | ) | |
| v. | ) | STIPULATION OF FACTS |
| | ) | FOR STIPULATED TRIAL |
| KIRA KRISTINA ZIELINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, KIRA KRISTINA ZIELINSKI, and Defendant's attorney, enter into this STIPULATION OF FACTS and hereby agree to a Stipulated Trial. The parties agree that the facts set forth herein are true and correct and may be used by the Court in lieu of evidence. Defendant Zielinski has been advised that the following STIPULATION OF FACTS will be used by the District Court to determine her guilt beyond a reasonable doubt and understands that by agreeing to the following facts, the District Court will enter a verdict consistent with the STIPULATION OF FACTS.

**FACTS**

1.    Defendant Kira Kristina Zielinski (Zielinski) was married to Nathan Blaesing (Blaesing). At all relevant times, they resided in Johnson County, Iowa. During their marriage, in May of 2017, Zielinski bore a son (XB) (hereinafter "the Child"); Blaesing is the biological father of the Child.

2.    In and around 2020, divorce/dissolution of marriage proceedings commenced in Johnson County, Iowa. At all relevant times, both Zielinski and Blaesing were represented by legal counsel. During the proceedings, the Child's custody was a contested issue.

3.    On May 4, 2020, the Iowa District Court for Johnson County (hereinafter "the Iowa court") entered a Temporary Matters Order granting Zielinski and Blaesing

1

joint legal custody of the Child. Defendant Zielinski was aware of this Order and agreed to be bound by it.

4. On November 9, 2021, the Temporary Matters Order was modified by agreement of Zielinski and Blaesing, and their attorneys, and approved by the Iowa court (Modified Custody Order). The modification addressed the custody arrangement involving the Child and specified that custody of the Child would alternate between Zielinski and Blaesing every three days. Defendant Zielinski was aware of this modification and knew and understood that she was required to share custody of the Child with Blaesing and that physical custody of the Child would alternate between her and Blaesing every three days. There was no further modification of the custody arrangement involving the Child after November 9, 2021 until March 17, 2022.

5. On or before February 5, 2022, Zielinski made a plan to violate the Modified Custody Order and take the Child to Mexico. Zielinski intended to obstruct the lawful exercise of Bleasing's parental rights, including Blaesing's right to physical custody of the Child, by keeping the Child from Blaesing.

6. Zielinski purchased a white, 2006 Ford Econoline E350 van to transport the Child to Mexico. On February 10, 2022, Zielinski loaded some of her belongings (and things for the Child) into the van and departed Iowa with the Child. Zielinski knowingly traveled to Arizona with the Child. Then, Zielinski knowingly drove the Child to California and then drove across the international border into Mexico with the Child. When Zielinski knowingly traveled to Mexico with the Child, she did so with the intent to obstruct Blaesing's lawful exercise of parental rights.

7. Thereafter, Zielinski failed to appear at scheduled hearings in the dissolution matter in Johnson County, Iowa including on February 22, 2022. A final hearing was scheduled for March 17, 2022. Zielinski's attorney, Casey Rigdon, advised Zielinski of the date and time of the hearing and warned her not to fail to appear. On March 17, 2022, a hearing was held in the Iowa court. Zielinski failed to appear and her default was entered. Zielinski was in Mexico with the Child at the

time of the hearing. At that hearing, the Iowa court awarded full custody of the Child to Blaesing.

8.    After the March 17, 2022 hearing, Zielinski had contact with Attorney Rigdon.  Zielinski was in Mexico at that time.  By email, Attorney Rigdon sent to Zielinski the Iowa court's FINDINGS OF FACT, CONCLUSION OR (sic) LAW AND DEFAULT DECREE entered on March 17, 2022 which awarded "sole legal custody" of the Child to Blaesing.  The Iowa Court ordered Zielinski to return the Child to Blaesing upon receipt of the decree. Zielinski received the Iowa Court's decision and did not return the Child as ordered.

9.    Defendant Zielinski remained in Mexico from mid-February until November 20, 2022.  From February of 2022, to November 20, 2022, Zielinski retained the Child in Mexico with the intent to obstruct Blaesing's lawful exercise of parental rights. On November 20, 2022, while maintaining physical custody of the Child and having the Child in the white Ford van with her, Zielinski drove from Mexico into the United States at the United States West Port of Entry in Calexico, California. Upon entry, Zielinski was arrested and custody of the Child was temporarily transferred to authorities in Imperial County, California.

**SIGNATURES**

*Defendant.*  I have read all of this STIPULATION OF FACTS and have discussed it fully with my attorney.  I fully understand the STIPULATION OF FACTS and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me to get me to agree to these facts and to enter into this STIPULATION OF FACTS. I have not been threatened in any way to get me to enter into the STIPULATION OF FACTS.  I am satisfied with the services of my attorney with regard to this STIPULATION OF FACTS and other matters associated with this case. I am executing this and understand the STIPULATION OF FACTS will be submitted to the Court for it to render a verdict. I understand I am admitting all of the elements of the offense and the Court is likely

to find me guilty. I know that I may ask my attorney and the judge any questions about this STIPULATION OF FACTS, and about the rights that I am giving up by executing this STIPULATION OF FACTS.

31 July 2023

Date

Kira Kristina Zielinski

*Defendant's Attorney.* I have read this STIPULATION OF FACTS and have discussed it in its entirety with my client. There is no agreement with the Government. My client fully understands this STIPULATION OF FACTS and the consequences of executing it. I am satisfied my client is capable of entering into this STIPULATION OF FACTS, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe the STIPULATION OF FACTS is true and correct. I concur with my client entering into this STIPULATION OF FACTS and understand the Court is likely to find my client guilty based upon the STIPULATION OF FACTS. I have advised my client of this.

July 31, 23

Date

Knut S. Johnson, Esq.
Attorney for Defendant
655 West Broadway, Suite 900
San Diego, California 92101
Tel: (619) 232-7080 (Office)
Email: knut@knutjohnson.com

*United States.* The Government agrees the STIPULATION OF FACTS is true and

correct and may be used by the Court to render a verdict in this case.

Richard D. Westphal
United States Attorney

July 31, 2023                    By:    _Clifford R. Cronk IV_
Date                                    Clifford R. Cronk III
                                        Assistant U.S. Attorney
                                        131 East Fourth Street, Suite 310
                                        Davenport, Iowa  52801
                                        Tel: (563) 449-5432
                                        Fax: (563) 449-5433
                                        Email: cliff.cronk@usdoj.gov

5